# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| | (For **Revocation** of Probation or Supervised Release) |
| v. | |
| | Case Number: **1:23-CR-00073-001** |
| **SHAWN SIMARD** | USM Number: **07319-082** |
| | **Thomas B. Walsh, Esquire** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation of the conditions below and as more fully set out in the Petition dated 4/14/23.

☐ was found in violation of condition(s) after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| Special | Technical | |
| Special | Technical | |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**May 16, 2023**
Date of Imposition of Judgment

**/s/Terry F. Moorer**
Signature of Judge

**TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**May 17, 2023**
Date

DEFENDANT:         SHAWN SIMARD
CASE NUMBER:    1:23-CR-00073-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**THREE (3) months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

DEFENDANT:         SHAWN SIMARD
CASE NUMBER:       1:23-CR-00073-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **Sixty (60) months.**

☒  Special Conditions:

1) You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. Section 16901, et. seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

2) You must comply with standard conditions of supervision recommended by the Sentencing Commission.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

3) You must participate in an approved program of sex offender evaluation and treatment, which may include polygraph examinations, as directed by the probation officer.  Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.  You will be required to pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

4) You must provide the probation officer with access to any requested records, such as bills or invoices for credit cards, telephone and wireless communication services, television provider services, and internet service providers.

5) You must provide the probation officer with a complete and current inventory of the number of computers (as defined in 18 U.S.C. Section 1030(e)(1)) used, possessed, or in your control along with a monthly log of computer access.

(See page 5 for additional special conditions.)

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon.
4. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.

    ☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low Risk of future substance abuse.  *(Check, if applicable.)*

5. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
6. ☐ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
7. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
8. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

See Page 4 for the
**"STANDARD CONDITIONS OF SUPERVISION"**

DEFENDANT:        SHAWN SIMARD
CASE NUMBER:      1:23-CR-00073-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. The defendant must answer truthfully the questions asked by your probation officer and follow the instructions of the probation officer.
5. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.
6. The defendant must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
8. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer.
9. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
11. If the probation officer determines that you pose a risk to another person (including an organization/employer), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
12. The defendant shall support his or her dependents and meet other family responsibilities.
13. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

Defendant's Signature _____    Date _____

U.S. Probation Officer's Signature _____  Date _____

DEFENDANT:         SHAWN SIMARD
CASE NUMBER:       1:23-CR-00073-001

# ADDITIONAL SPECIAL CONDITIONS

6) You must not use a computer device (as defined in 18 U.S.C. Section 1030(e)(1)) capable of internet access until a Computer Use Plan is developed and approved by your treatment provider and/or probation officer.  Such plan, at a minimum, must require you to submit a monthly record of Internet use, online screen names, encryption methods, and passwords utilized by you.

7) You must not access any computer device (*as defined in 18 U.S.C. Section 1030(e)(1)) that utilizes any encryption, anonymization, "cleaning" or "wiping" software programs.

8) You must not possess images or videos depicting sexually explicit conduct involving adults, as defined in 18 U.S.C. Section 2256(2)(A); child pornography, as defined in 18 U.S.C. Section 2256(8); or visual or text content involving minors which has sexual, prurient, or violent interests as an inherent purpose.

9) You must not associate or have contact, directly or through a third party, with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background, and who has been approved in advance by the probation officer.  Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.

10) You must avoid and are prohibited from being in any areas or locations where children are likely to congregate, such as schools, daycare facilities, playgrounds, theme parks, arcades, unless prior approval has been obtained from the Probation Office.

11) You must allow, at the direction of the probation officer and at your expense, the installation of monitoring hardware or software to monitor your use of computer systems, internet capable devices and/or similar electronic devices under your control.

12) You must not have any contact, directly or through a third party, with the victim(s) in this case.  Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.

13) You must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. Such searches may include the removal of such items for the purpose of conducting a more thorough inspection.  You shall inform other residents of this condition.  Failure to submit to a search may be grounds for revocation.

14) Immediately upon release from custody, the defendant is ordered to spend the first six (6) months of supervised release term in the CHAIR Ministries Program.  The defendant shall abide by all rules and regulations of the program, as directed by staff of the program and the probation officer.